```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION


NICHOLAS SAUCIER
and JASON SAUCIER                                            PLAINTIFFS


VERSUS                          CIVIL ACTION NO. 5:08cv151-DCB-JMR


BRIDGESTONE/FIRESTONE NORTH AMERICAN
TIRE, LLC F/K/A BRIDGESTONE/FIRESTONE, INC.,;
MAZDA MOTOR OF AMERICA, INC.; and
FORD MOTOR COMPANY                                           DEFENDANTS
```

**ORDER**

This matter comes before the Court on the motion of defendants Ford Motor Company ("Ford") and Mazda Motor of America, Inc. d/b/a/ Mazda North American Operations ("Mazda") to transfer venue from the United States District Court for the Southern District of Mississippi, Western Division to the United States District Court for the Southern District of Mississippi, Southern Division [**docket entry no. 47**]. Defendant Bridgestone Firestone North American Tire, LLC, f/k/a Bridgestone/Firestone Inc. ("Firestone") has joined said motion. Having considered the motion in light of all applicable law and being otherwise fully advised in the premises, the Court finds and orders as follows:

On February 21, 2008, plaintiff Nicholas Saucier ("Nicholas") filed an action against Firestone and Mazda in the Western Division of the United States District Court for the Southern District of Mississippi. In his complaint, over which the Court has diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), Nicholas claims that the defendants are liable to him for injuries he sustained in an automobile accident allegedly caused when tires manufactured by Firestone malfunctioned and caused a vehicle manufactured and sold by Mazda to crash. Specifically, Nicholas brings claims under a theory of implied warranty, the Magnuson-Moss Warranty Act, strict liability and negligence. On September 25, 2008, an amended complaint was filed adding Jason Saucier ("Jason") as a plaintiff and Ford as a defendant. The claims against the defendants remain the same.

The defendants now ask the Court to exercise its discretion under 28 U.S.C. § 1404(a) to transfer this case from the Western Division of the Southern District of Mississippi ("Western Division") to the Southern Division of the Southern District of Mississippi ("Southern Division"). Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "'The district court has broad discretion in deciding whether to order a transfer.'" Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir. 1987)).

A defendant seeking a venue transfer under § 1404(a) must show "good cause". In re Volkswagen of America, Inc., 545 F.3d 304,

313-14 (5th Cir. 2008) (citing <u>Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.</u>, 321 F.2d 53, 56 (5th Cir. 1963)). Good cause is shown and venue transfer is proper "[w]hen a movant demonstrates that the transferee venue is clearly more convenient". <u>Id</u>. at 315.

Motions for § 1404(a) transfers of venue are not the same as motions based on *forum non conveniens*. "The essential difference between the *forum non conveniens* doctrine and § 1404(a) is that under § 1404(a) a court does not have the authority to dismiss the case; the remedy under the statute is simply a transfer of the case within the federal system to another federal venue more convenient..." <u>Id</u>. at 313. Since the consequences to a plaintiff whose case is transferred under § 1404(a) are significantly less harsh than one whose case is dismissed pursuant to *forum non conveniens*, the standards governing § 1404(a) transfers is less burdensome. <u>Id</u>. Indeed, "district courts are permitted to grant transfers upon a lesser showing of inconvenience under § 1404(a) because § 1404(a) venue transfers do not have the serious consequences of *forum non conveniens* dismissals." <u>Id</u>. at 313, n. 8 (citing <u>Norwood v. Kirkpatrick</u>, 349 U.S. 29, 31 (1995)).

Although a party seeking a § 1404(a) transfer has a somewhat easier burden than one seeking a remedy based on *forum non conveniens*, the Fifth Circuit Court of Appeals uses the same factors to decide both. <u>Id</u>. at 315. Specifically, the Court has "adopted the private and public interest factors first enunciated

3

in <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), a *forum non conveniens* case, as appropriate for the determination of whether a § 1404(a) venue transfer is for the convenience of the parties and witnesses and in the interest of justice." <u>Id</u>. (quoting <u>Humble Oil</u>, 321 F.2d at 56).

The private interest factors the Court shall consider are: "'(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" <u>Id</u>. (quoting <u>In re Volkswagen AG</u>, 371 F.3d 201, 204 (5th Cir. 2004) (citations omitted)). The public interest factors the Court shall consider are: "'the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." <u>Id</u>. (alteration in original). Importantly, none of these factors alone "'can be said to be of dispositive weight.'" <u>Id</u>. at 315 (quoting <u>Action Indus., Inc. v. U.S. Fid. & Guar. Corp.</u>, 358 F.3d 337, 340 (5th Cir. 2004)).

<u>1.  The Private Interest Factors</u>

The Court now examines whether the private interest factors weigh in favor of transferring this case to the Southern Division.

4

The first factor is relative ease of access to sources of proof. Id. at 315. The plaintiffs acknowledge that the accident occurred in Jackson County, Mississippi, which is located in the Southern Division. The plaintiffs also admit that Nicholas underwent several surgeries in Harrison County, Mississippi,[1] that the doctors who performed those surgeries are located in the Southern Division, and that Nicholas and his parents live in Harrison County, Mississippi. In addition to these potential witnesses, the defendants have provided the names, addresses, and expected testimony of twenty-two other potential witnesses, all of whom are located in the Southern Division. Furthermore, the defendants point out that both the vehicle involved in the accident and the allegedly defective tires are currently located in the Southern Division.

The plaintiffs assert that this factor weighs against transfer because many of the other witnesses including plaintiff Jason Saucier, Mississippi State Trooper Leno Holmes (first responder), the emergency medical technicians (EMTs) who responded to the accident scene, and several doctors who treated Nicholas Saucier in Jackson, Mississippi, are located either outside the Southern District or outside the state of Mississippi. As such, the plaintiffs argue, it would be equally inconvenient for the out-of-

---

[1] Harrison County, Mississippi, is also located in the Southern Division.

5

state witnesses to travel to the Western Division as it would be for them to travel to the Southern Division. As to those witnesses who are in-state, the plaintiffs say that it would be more convenient for those witnesses to travel to the Western Division.

The Court concludes that the first factor weighs in favor of transfer. Although some of the witnesses are located outside the Southern Division, most of the witnesses, as well as the physical evidence, are located in the Southern Division. As for those witnesses located out-of-state, it will be just as convenient for them to travel to either the Western or the Southern Division. As for those few witnesses located elsewhere in the state of Mississippi, the increased inconvenience to them, if any, of traveling the relatively short distance to the Southern Division does not tip this factor against transfer.

The second factor--availability of compulsory process over witnesses--tips, even if only slightly, in favor of transfer. Id. at 315. The defendants correctly note that all witnesses who are located in the Southern District of Mississippi are subject to compulsory process in either the Southern Division or the Western Division. FED. R. CIV. P. 45(b)(2)(A). However, the defendants argue, this would not subject plaintiff Jason Saucier to compulsory process in the Western Division, as Jason lives in Semmes, Alabama, which is located more than one hundred (100) miles from the courthouse in the Western Division. FED. R. CIV. P. 45(b)(2)(B) (a

6

subpoena may be served at any place outside the district "but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection..."). The plaintiffs counter that the defendants' ability to subject Jason Saucier to compulsory process is irrelevant because Jason is a plaintiff who will voluntarily appear at trial.

The Court agrees that the need may arise to subject Jason Saucier to compulsory process. Although Jason currently is a plaintiff in this case who likely will appear voluntarily for trial, the defendants correctly note that a possibility exists that Jason will settle or dismiss his case before trial. In the event Jason is no longer a plaintiff when trial begins, the defendants still will need the ability to require his appearance in court, as Jason is a key witness in the case. As such, this factor tips somewhat in the favor of transfer.

The third factor is the cost of attendance for willing witnesses. Id. at 315. The Fifth Circuit Court of Appeals has established a 100-mile threshold: "'When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" Id. at 317 (quoting In re Volkswagen AG, 371 F.3d at 204-05). It follows that "'[a]dditional distance means additional travel time; additional travel time increases the

probability for meal and lodging expenses; and additional travel time with overnight stays increases the time with which these fact witnesses must be away from their regular employment.'" Id.

As noted above, the parties have identified a long list of potential witnesses, most of whom are located in the Southern Division. The costs of requiring these witnesses to attend trial in Natchez, Mississippi, where the trial would be held if kept in the Western Division, would be substantially greater than the costs of having them appear in Gulfport, Mississippi, which is only a short distance from their homes and businesses. For the few out-of-state witnesses or witnesses located elsewhere in the state who will be required to travel, their expenses will likely be the same whether the trial is held in the Southern Division or the Western Division. Therefore, realizing that "it is more convenient for witnesses to testify at home", this Court concludes that this factor too tips in favor of transfer. Id. at 317.

The fourth private interest factor requires the Court to examine all other practical problems that make trial of a case easy, expeditious and inexpensive. Id. at 315. The parties have not identified any other practical problems which weigh in favor of or against transfer, so the Court considers this factor neutral.

2. The Public Interest Factors

Only two of the four public interest factors are at issue here--(1) administrative difficulties flowing from court congestion

and (2) local interest in having localized interests decided at home. Id. at 315. The Court considers these interests in turn.

The plaintiffs argue that administrative difficulties will arise if the case is transferred to the Southern Division. Specifically, the plaintiffs point to the fact that the trial in this matter currently is scheduled for February 15, 2010, and argue that transferring this case to the Southern Division will result in a much later trial date because of the congested docket created there by Hurricane Katrina related litigation. In support, the plaintiffs cite the number of filings in each of the divisions for fiscal years 2007 and 2008. The plaintiffs also provide a breakdown of the caseloads for the district judges in each division. Admittedly, at first glance, the data offered by the plaintiffs suggests that the district judges in the Southern Division have a significantly larger caseload than the district judge in the Western Division. However, upon closer look, this reasoning appears flawed. The plaintiffs fail to acknowledge that the entire caseload, both civil and criminal, in the Western Division is handled by one (1) district judge, while the criminal and civil caseload in the Southern Division, although larger, is divided among four (4) district judges. Since the plaintiffs have not shown clearly that there is a risk of administrative difficulties resulting from a transfer to the Southern Division, this factor can not be said to weigh against transfer. However, in

9

an abundance of caution, the Court will consider this factor neutral.

The final factor to consider is the local interest in having localized interests decided "at home". Id. at 315. The defendants argue that the Southern Division has a local interest because (1) the accident occurred there and (2) one of the plaintiffs still lives there. The plaintiffs acknowledge that this factor "slightly favors transfer". (Pls.' Resp. to Mot. to Transfer Venue at p. 17.) The Court agrees. Although the entire state has an interest in deciding cases related to allegedly defective products sold and used in the state, the Southern Division has an increased interest because the accident took place there and its residents were involved. Accordingly, this factor weighs in favor of transfer.

**CONCLUSION**

This Court recognizes its broad discretion to decide whether a § 1404(a) transfer is proper. After thoroughly evaluating the private and public factors as instructed by the Fifth Circuit Court of Appeals, this Court concludes that transfer is appropriate "for the convenience of the parties and witnesses and in the interest of justice." In re Volkswagen of America, Inc., 545 F.3d at 315. Accordingly,

**IT IS HEREBY ORDERED** that the defendants' Motion to Transfer Venue [**docket entry no. 47**] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case shall be transferred to the United States District Court for the Southern District of Mississippi, Southern Division.

**SO ORDERED**, this the 29th day of January 2009.

                                               s/ David Bramlette
                                               **UNITED STATES DISTRICT JUDGE**